## 6510.  GRIFFIN MANUFACTURING CO. *v.* COLLINS.

BROYLES, J. 1. The petition set forth a cause of action, and the court properly overruled the general demurrer.

2. The petition, however, was subject to all of the special demurrers, and the court erred in overruling them.          *Judgment reversed.*

DECIDED JANUARY 27, 1916.

Action for damages; from city court of Griffin—Judge Flynt. February 27, 1915.

The petition alleges, that the defendant has damaged plaintiff in the sum of $20,000, on account of the following facts: (3) On September 29, 1913, plaintiff was night-watchman for defendant at defendant's place of business. (4) One of the duties required of plaintiff as night-watchman, by the defendant, was to make certain trips through and around its buildings and about its grounds, the trips to be made at intervals of one hour, commencing at 6 p. m. and continuing through the night until 6 a. m. Plaintiff was required to punch clocks which were located at different points in and around the said plant, while making said trips. (5) Plaintiff was required by defendant to ascend and descend a certain stairway leading from the ground to the picker-room, on the second floor of a building belonging to defendant, at said intervals throughout the night, while on duty as watchman. (6) Said stairway led from the second floor to a platform halfway down, then turned sharply in a different direction, and continued on to the ground. (7) Unknown to plaintiff, the hand-rail or banister had been removed from around the platform on said stairway by defendant, thereby maintaining a dangerous passway to and from a regular exit in a building belonging to defendant. (8) Prior to September 29, 1913, there was a hand-rail around said platform. (9) On the night of September 29, 1913, plaintiff, while engaged in the performance of his regular duties, as required of him by defendant, and using every diligence himself, attempted to descend the above-described stairway, the same being situated in a very dark locality, when plaintiff stepped upon a quill used by defendant, which had been negligently left upon the top of said stairway, the same causing him to lose his balance, slip, and fall down the stairs on to the platform, halfway down, and thence from the platform to the ground, a distance of about twenty feet. (10-11) Paragraphs 10 and 11 describe the injuries resulting from the fall. (12) Had the banisters or hand-rail been at the turning point in the stairway, plaintiff could have caught the same and thereby saved himself the fall. (13) Defendant was negligent in removing the hand-rail from the stairway and leaving the same open without a light or other warning of the danger. (14) Defendant was negligent in allowing dangerous debris to accumulate and re-

main on a regular exit in one of the buildings. (15) Defendant was negligent in maintaining a dangerous passageway from a regular exit in one of the buildings. (16) At the time of the accident the plaintiff was making $10.50 per week, and was in perfect health, but, due to the accident, he is now continually tortured by excruciating pains, and will never be able to work again. (17) Plaintiff has spent several hundred dollars for doctor's bills, nurses, and medicines.

The defendant demurred to the petition generally, and demurred specially as follows: (3) To paragraph 8, because it is too vague and uncertain. Plaintiff should allege specifically when the hand-rail was removed, whether it was removed on September 29, 1913, and if not, when, prior to that date, there had been a hand-rail around the said platform. (4) To paragraph 9, because it is too uncertain and indefinite. Plaintiff should allege specifically the time of night on September 19, 1913, at which he was injured. (5) To the words "and using every diligence himself," in paragraph 9, because they state a conclusion of the pleader and do not show the facts upon which the conclusion is based. Plaintiff should allege how he attempted to descend the stairway and what he did to avoid injury to himself; and whether he was, under these circumstances, "using every diligence" is a question for the jury. (6) To the words "which had negligently been left upon the top of said stairway," in paragraph 9, because this allegation states a conclusion of the pleader and the petition does not set forth the facts upon which the conclusion is based. Plaintiff should allege how and when said quill had been left upon the top of the stairway, or should allege other facts and circumstances from which the jury could infer that it was negligently done, or that the defendant had not exercised proper care and diligence. (7) To the following part of paragraph 14: "dangerous debris to accumulate and remain." This allegation is too vague and indefinite, and states a mere conclusion of the pleader. Plaintiff should allege what the said debris consisted of, whether this language refers to the quill upon which he stepped, and how long it had remained at said place. This allegation is further demurred to, as irrelevant, because it appears from the petition that the injury was caused by stepping upon a quill, and not by the accumulation of debris. (11) To paragraph 17, "because there is no itemized bill

of particulars of the medicine bill or nurse's attention sued for." It is too vague and indefinite, and does not put defendant on notice of what plaintiff expects to prove.

*Cleveland & Goodrich,* for plaintiff in error.

*W. H. Connor, C. G. Miller Jr.,* contra.

RUSSELL, C. J., concurring specially. The plaintiff's petition set forth a cause of action, and was not subject to the general demurrer. In my opinion the trial judge correctly overruled all the special demurrers except the one directed to paragraph 17 of the petition, in which it is alleged that "he has spent several hundred dollars for doctor's bills, nurses, and medicines," but the error in sustaining the demurrer as to that paragraph should not require a reversal of the judgment of the lower court, since it is within the power of this court to direct the lower court to require the paragraph to be amended by attaching an itemized bill of particulars, stating the amount expended for each particular item mentioned in that paragraph, and to strike the paragraph should the plaintiff fail to make this amendment. And even if it were error to overrule all the special demurrers, I am not certain that the judgment should be reversed, rather than affirmed with appropriate directions as to the special demurrers, since we are all agreed that the petition was sufficient to withstand the general demurrer.